United States District Court
for the
Southern District of Florida

| Modern Pharmacy, LLC and others, | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Civil Action No. 19-25246-Civ-Scola |
| | ) |
| JM Smith Corporation, Defendant. | ) |
| | ) |

## Order Granting Motion to Dismiss

Now before the Court is the Defendant JM Smith Corporation's motion to dismiss, or in the alternative to transfer. For the reasons set forth below, the Court **grants** the Defendant's motion (**ECF No. 37**) and dismisses this case.

JM Smith also requested that the Court take judicial notice of certain court filings in the following related cases: *Modern Pharmacy LLC v. JM Smith Corporation*, Case No. 1:19-cv-20369-CMA (S.D. Fla. 2019), *Modern Pharmacy LLC v. JM Smith Corporation*, Case No. 7:19-01218-TMC (D.S.C. 2019), and *JM Smith Corporation v. Modern Pharmacy, LLC*, Case No. 7:19-cv-00578 (D.S.C. 2019). The Court **grants** this motion (**ECF No. 10**). The Plaintiffs requested that the Court take judicial notice of other court filings from the same cases. The Court also **grants** this motion (**ECF No. 18**).

### 1. Background

The Plaintiffs Modern Pharmacy, LLC ("Modern Pharmacy"), Pharmaquick, LLC ("Pharmaquick"), and Rosenbaum International Law Firm, P.A. (the "Law Firm") filed this action against JM Smith Corporation ("JM Smith") seeking a declaration that a security agreement and certain UCC filings are void and an injunction prohibiting JM Smith from collecting on its debt due to breach of the fraudulently-procured security agreement.

The Plaintiffs Modern Pharmacy and Pharmaquick own and operate pharmacies in Miami Beach, Florida. (ECF No. 1-2 at ¶¶ 7-8.) The Law Firm is Modern Pharmacy and Pharmaquick's authorized representative. (ECF No. 17 at ¶ 17.) The Defendant JM Smith is a wholesale distributor of pharmaceutical drugs. (ECF No. 1-2 at ¶ 9.) The complaint alleges that JM Smith filed a UCC financing statement form that contains materially false representations regarding Modern Pharmacy and Pharmaquick's assets. (*Id.* at ¶¶ 13-14.) It also

alleges that JM Smith based the UCC filings on a fraudulent security agreement. (*Id.* at ¶ 15.) It is also claimed that JM Smith fraudulently procured the security agreement, which Michael Rosenbaum, president of the Law Firm, signed on behalf of Modern Pharmacy and Pharmaquick. (*Id.*) The Plaintiffs filed this suit seeking a declaration that the fraudulent UCC filings are null and void, and they also seek an injunction restraining JM Smith from collecting on their debt due allegedly owed by the Plaintiffs. (*Id.* at ¶¶ 31, 39.)

JM Smith moves to dismiss, arguing that this case constitutes impermissible claim-splitting and is barred by another case pending in the United States District Court for the District of South Carolina. In that case, Modern Pharmacy, Pharmaquick, and Michael Rosenbaum sought to enjoin JM Smith from collecting on its debt and to declare the debt instruments, including the security agreements and UCC filings, to be void. The case was originally filed in the Southern District of Florida (Case No. 1:19-cv-20369-CMA), and Judge Altonaga transferred the action to South Carolina (Case No. 7:19-01218-TMC) where JM Smith's collection action was pending. Both the collection action and the transferred case are pending in the District of South Carolina.

### 2. Analysis

JW Smith moves to dismiss the Plaintiff's complaint based on impermissible claim-splitting. JW Smith argues that the case should be dismissed because it is barred by a similar case that Judge Altonaga transferred to the District of South Carolina, where it remains pending. In Judge Altonaga's case, the Plaintiffs seek to enjoin JM Smith "from further taking steps to collect on the amounts it claims to be owed" and to declare the debt instruments, including the security agreement and UCC filings, to be void. (ECF No. 5 at ¶¶ 35, 43 in Case No. 1:19-cv-20369-CMA.) In this action, the Plaintiffs seek the same relief for the same debt instruments—*i.e.* the security agreement and the UCC filings. (*Id.* at ¶¶ 31, 39.) The Defendant argues that the claims in this case should have been brought in the previous Judge Altonaga case that has now been transferred to South Carolina. (ECF No. 26 at 8.) The Court agrees that the claims in this case are barred by impermissible claim splitting.

The Eleventh Circuit has held that the claim-splitting doctrine "ensures that a plaintiff may not split up his demand and prosecute it by piecemeal, or present only a portion of the grounds upon which relief is sought, and leave the rest to be presented in a second suit, if the first fails." *Vanover v. NCO Financial Services, Inc.*, 857 F.3d 833, 841 (11th Cir. 2017). The rule's purpose is twofold. "First, federal courts have an interest in preventing litigants from circumventing procedural rules to gain an unfair advantage." *Roca Labs, Inc. v. Century Sciences, LLC*, 2014 WL 11775477, *3 (S.D. Fla. June 16, 2014) (Altonaga, J.)

(citing *Green v. H&R Block E. Enters., Inc.*, 727 F. Supp. 2d 1363, 1367 (S.D. Fla. 2010) (King, J.)) "Second, federal courts have an interest in conserving judicial resources." *Id.*

Unlike claim preclusion, which applies to suits that have already been adjudicated, claim splitting applies to simultaneously pending suits. To determine whether a complaint presents an improper issue of claim-splitting, the district court must analyze "(1) whether the case involves the same parties and their privies, and (2) whether separate cases arise from the same transaction or series of transactions." *Vanover*, 857 F.3d at 841-42. "Successive causes of action arise from the same transaction or series of transactions when the two actions are based on the same nucleus of operative facts." *Id.* at 842.

The first factor is met in this case because the two cases involve the same parties or their privies. The parties in the original action and this action are almost identical. Both are brought against the Defendant JM Smith. The original action is brought by Modern Pharmacy, Pharmaquick, and Michael Rosenbaum, and this action is brought by Modern Pharmacy, Pharmaquick, and Rosenbaum International Law Firm, P.A. (ECF No. 1-2.) The Law Firm is in privity with Michael Rosenbaum because the Law Firm's "interests were represented adequately by the party in the original suit" and because Michael Rosenbaum "is so closely aligned to [the Law Firm] as to be [its] virtual representative." *N.A.A.C.P. v. Hunt*, 891 F.2d 1555, 1560-61 (11th Cir. 1990). Michael Rosenbaum is the president of the law firm. He signed the agreements at issue in both cases, as an attorney practicing at the Law Firm on behalf of his clients Modern Pharmacy and Pharmaquick. Michael Rosenbaum and the Law Firm represent the same interests and thus are in privity with each other.

The second factor is also satisfied because the two cases are based on the same nucleus of operative facts. In the Judge Altonaga case, the plaintiffs deny that they executed and delivered the subject security agreements and UCC financing statements and allege the parties were improperly named in the security agreement. (ECF No. 5 at ¶¶ 12-13, 39, 55 in Case No. 1:19-cv-20369-CMA.) In this case, the Plaintiffs challenge the validity of those same documents, arguing that they were fraudulently procured and improperly altered. (ECF No. 1-2 at ¶¶25, 32, 36.) Both claims arise from "the same transaction" because they are disputing the validity of the same documents in order to prevent JW Smith from collecting debt allegedly owed by the Plaintiffs. *See Trustmark Ins. v. ESLU, Inc.*, 299 F.3d 1265, 1270 (11th Cir. 2002) (holding that res judicata prevented a plaintiff from bringing successive lawsuits for separate breaches of the same contract, committed by the same party even where different causes of action are alleged). Moreover, the "factual bases for both lawsuits are related in time, origin,

and motivation, and they form a convenient trial unit," and therefore, this second case constitutes claim splitting.

### 3. Conclusion

Accordingly, the Court **grants** the Defendant's motion to dismiss **(ECF No. 8)**. The Plaintiffs' complaint is **dismissed**. The Clerk is directed to **close** the case. All pending motions are denied as **moot**.

**Done and ordered** at Miami, Florida, on March 4, 2020.

_____
Robert N. Scola, Jr.
United States District Judge