United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Modern Pharmacy, LLC and others,<br>Plaintiffs,<br><br>v.<br><br>JM Smith Corporation, Defendant. | )<br>)<br>)<br>) Civil Action No. 19-25246-Civ-Scola<br>)<br>) |

### Order on Motion for Approval of Compromise

Now before the Court is the parties' stipulated motion for approval of compromise in which the parties agree (1) that the Defendant's motion for attorney's fees for $55,000 be granted; (2) that the Defendant withdraw its motion for costs; and (3) that the Court enter an amended judgment that specifies that "the judgment is without prejudice and is not an adjudication on the merits of the claims raised and is not intended to have any preclusive effect on the Plaintiffs' ability to file such claims." (Proposed Amended Judgment, ECF No. 56-2.) The Court construes their last stipulation as a motion to amend or alter a judgment pursuant to Rule 59(e). For the reasons set forth below, the Court **denies** the parties' joint motion (**ECF No. 56**).

The Court declines to amend its final judgment because the Federal Rules of Civil Procedure do not allow for parties to amend final judgments by agreement. Federal Rule of Civil Procedure 59(e) permits a motion to alter or amend a judgment. "The only grounds for granting a Rule 59 motion are newly-discovered evidence or manifest errors of law or fact.  A Rule 59(e) motion cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (internal quotations omitted). Here, the parties did not present any grounds to alter the judgment other than that they agree the Court should do so. The parties did not cite any authority for the proposition that the Court can amend its judgment based solely on the agreement of the parties, and therefore the Court declines to amend its judgment. Nevertheless, the Court clarifies that its dismissal is without prejudice, and it is for the district court in the District of South Carolina to determine whether the judgment in this case has preclusive effect on claims or issues in that case.

The parties may still withdraw the motion for reconsideration, the motion for attorneys' fees, and the motion for costs based on an agreement they have

reached. In sum, the motion for approval of compromise (**ECF No. 56**) is **denied** because the parties did not establish grounds for the Court to amend its judgment under Rule 59(e). The parties are ordered to either (1) file a notice of withdrawal of the motions pursuant to their agreement by June 23, 2020 or (2) the Defendant must respond to the motion for reconsideration by June 23, 2020 and the Plaintiff must respond to the motions for attorney's fees and for costs by June 23, 2020. Magistrate Judge Torres may extend the deadlines for the costs and fees motions as he sees fit.

**Done and ordered** at Miami, Florida, on June 16, 2020.

Robert N. Scola, Jr.
United States District Judge